TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney
Chief, Criminal Division
CLIFFORD D. MPARE (Cal. Bar No. 337818)
Assistant United States Attorney
Major Crimes Section
1300 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-4962
Facsimile: (213) 894-0141
E-mail: clifford.mpare@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOSEPH TOEWS,

Defendant.

2:26-CR-00309-SB

PLEA AGREEMENT FOR DEFENDANT JOSEPH TOEWS

1. This constitutes the plea agreement between JOSEPH TOEWS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

Information in United States v. JOSEPH TOEWS, CR No. 2:26-CR-00309-SB, which charges defendant with Production of Child Pornography in violation of 18 U.S.C. § 2251(a), (e).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

i. Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a guilty plea, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at

usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 312 North Spring Street, 14th Floor, Los Angeles, CA 90012. Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

j. Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

k. Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

l. Not oppose the imposition of a term of supervised release of at least 10 years (with the government reserving the right to seek a higher term of supervised release up to the statutory maximum of life) under the following terms and conditions of probation or supervised release:

i. Within three (3) days of release from prison, defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, is employed, and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence. Defendant shall provide proof of registration to the Probation Office within 48 hours of registration.

ii. Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the

Probation Office. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing. Defendant retains the right to invoke the Fifth Amendment. The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

iii. Immediately following sentencing, or release from custody, defendant shall report directly to the Probation Office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006.

iv. As directed by the Probation Office, defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision. Defendant shall provide payment and proof of payment as directed by the Probation Office. If defendant has no ability to pay, no payment shall be required.

v. Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting, or describing child pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. § 2256(2). This condition does not prohibit defendant from possessing materials

solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's Court-mandated sex offender treatment when defendant's treatment provider or the probation officer has approved of defendant's possession of the material in advance.

vi. Defendant shall not own, use, or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Office.

vii. Defendant shall not contact the victim(s), by any means, including in person, by mail or electronic means, or via third parties. Further, defendant shall remain at least 100 yards from the victim(s) at all times. If any contact occurs, defendant shall immediately leave the area of contact and report the contact to the Probation Office.

viii. Defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the Probation Office.

ix. Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notify said parent or legal guardian of defendant's conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket

vendors, etc., whom defendant must interact with in order to obtain ordinary and usual commercial services.

x. Defendant shall not affiliate with, own, control, volunteer, or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

xi. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

xii. Defendant's employment shall be approved by the Probation Office, and any change in employment must be pre-approved by the Probation Office. Defendant shall submit the name and address of the proposed employer to the Probation Office at least ten (10) days prior to any scheduled change.

xiii. Defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. Defendant's residence shall be approved by the Probation Office, and any change in residence must be pre-approved by the Probation Office. Defendant shall submit the address of the proposed residence to the Probation Office at least ten days prior to any scheduled move.

xiv. Defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of defendant's person and any property, house, residence, vehicle, papers, computers, cellphones, other electronic

communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

xv. Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

xvi. The defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depict "actual sexually explicit conduct" involving adults as defined by 18 USC 2257(h)(1).

xvii. Upon release from custody, defendant shall submit to a psycho-sexual evaluation approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions, of such an assessment, including submission to risk assessment evaluation, and physiological testing, such as polygraph, and Abel testing, to determine if defendant is a risk for sexual re-offending, in need of additional conditions of supervision and sex offender specific treatment. As directed by the Probation Office, defendant shall pay all or part of the costs of the evaluation to the aftercare contractor during the period of community supervision. Defendant shall provide payment and proof of payment as directed by

the Probation Office. If defendant has no ability to pay, no payment shall be required.

xviii. Defendant shall participate in an evaluation by a trained professional, approved by the Probation Office, to assess defendant's risk to the community as a sex offender. The evaluation may include physiological testing, such as polygraph and Abel testing. The Court authorizes the Probation Office to disclose the Presentence Report, and any previous mental health evaluations or reports, to the evaluation provider. As directed by the Probation Office, defendant shall pay all or part of the costs of the sex offender risk evaluation to the aftercare contractor during the period of community supervision. Defendant shall provide payment and proof of payment as directed by the Probation Office. If defendant has no ability to pay, no payment shall be required.

xix. Defendant shall possess and use only those digital devices, screen usernames, email accounts, social media accounts, messaging applications, and cloud storage accounts, as well as any passwords or passcodes for all such digital devices and accounts, that have been disclosed to the Probation Office upon commencement of supervision. Any new devices, accounts, applications, passwords, or passcodes are to be disclosed to the Probation Office prior to the first use. A digital device is any electronic system or device that can access, view, obtain, store, or transmit visual depictions of sexually explicit conduct involving children.

xx. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search, seizure and computer monitoring. This shall not apply to items used

at the employment site that are maintained and monitored by the employer.

xxi. Defendant shall comply with the rules and regulations of the Computer Monitoring Program. Defendant shall pay the cost of the Computer Monitoring Program. If defendant has no ability to pay, no payment shall be required.

m. Not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining counts of the Information as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed. Defendant further agrees that he may be treated as if he had been convicted of the dismissed charges for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of each charge. Defendant waives the right to challenge the sufficiency of the factual basis as to any element of any dismissed charge.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a), (e), the following must be true:

a. First, at the time of the offense, the victim was under the age of 18 years;

b. Second, the defendant employed, used, persuaded, induced, enticed, or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

c. Third, either:

i. The defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce;

ii. the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce, including by computer; or

iii. the visual depiction was mailed or actually transported across state lines or in foreign commerce, or the visual depiction affected interstate commerce.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2251(a), (e) is: 30 years' imprisonment; a lifetime

period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Section 2251(a), (e) is: 15 years' imprisonment, a five-year period of supervised release, and a mandatory special assessment of $100.

7. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. The government reserves the right to continue its investigation, including by searching defendant's digital devices and identifying any additional victims to whom defendant will be required to pay full restitution. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

8. Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant’s other financial obligations have been satisfied.

9. Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $50,000.

10. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11. Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that defendant is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant’s guilty plea.

13. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including defendant’s attorney or the Court, can predict to an absolute certainty the effect of defendant’s conviction on defendant’s immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration

consequences that defendant's plea may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

14. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on or about January 10, 2023, in Los Angeles County, defendant knowingly employed, used, persuaded, induced, and enticed Minor Victims, each prepubescent minors, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. The visual depictions that were produced were recorded and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer and cellular telephone.

Specifically, on or about January 10, 2023, defendant installed a video recording device in the bathroom stall of a women's bathroom, located at his place of work. Defendant, while providing therapy services, affixed a video recording device in the publicly available women's bathroom in the same building as his office. Defendant's video recording included the Minor Victims, some of whom received therapy services from defendant, including, among other methods, play therapy. While the recording device was active, defendant captured

at least eleven separate videos of the Minor Victims, including the following videos:

- AVI000CH2.avi – a 30-second recording of Minor Victim 1, a prepubescent female, with long light-brown curly hair, wearing a purple top with pink sleeves and purple stripes on the sleeves. In the video, Minor Victim 1's anus is visible.
- AVI000D2.avi – a 30-second video of Minor Victim 2, a prepubescent female with long blonde curly hair, wearing a white sweatshirt. In the video, Minor Victim 2's genitals and anus are both visible.
- AVI000D.avi – a 44-second video of Minor Victim 3, a prepubescent female with wavy blonde hair in a ponytail, wearing a blue dress with butterfly print. In the video, an adult female helps Minor Victim 3 remove her leggings and get seated on the toilet. Minor Victim 3's genitals and anus are visible in the video.
- AVI000O.avi – a 39-second video of Minor Victim 3. In the video, Minor Victim 3's anus is visible.
- AVI000O2.avi – a 49-second video of Minor Victim 3 wearing a blue-and-white striped vest. In the video, Minor Victim 3 removes her pants, and her genitals and anus are visible.
- AVI000O3.avi – a 53-second video of Minor Victim 3. In the video, Minor Victim's anus is visible as she gets up from the toilet.
- AVID000O4.avi – a 30-second video of Minor Victim 4, a prepubescent female wearing jeans and a tie-dye t-shirt.

In the video, Minor Victim 4 removes her pants and her anus is visible.

- AVI000C.avi – a 1-minute-and-26-second video of Minor Victim 5, a prepubescent female with long curly hair wearing a light-colored dress and denim vest. In the video, Minor Victim 5's anus is visible. Also in the video, Minor Victim 5's face is visible in profile, and a male's voice can be heard saying, "I'm gonna shut the door, ok?"
- AVI000CH – a 54-second video of Minor Victim 6, a prepubescent female with curly brown hair wearing a sweater. In the video, Minor Victim 6's anus is visible.
- AVI000JB.avi – a 1-minute-and-50-second video of Minor Victim 7, a prepubescent female with straight hair in a ponytail, wearing a purple animal print jacket and leggings with rainbow print. In the video, Minor Victim 7's anus is visible. Also in the video, after Minor Victim 7 exited the stall, an adult male can be seen urinating.
- AVI000I.avi – a 2-minute-and-2-second video of Minor Victim 8, a prepubescent female with long wavy hair wearing a pink t-shirt and dark pants. In the video, Minor Victim 8's anus and genitalia are visible.

In addition, beginning at least as early as January 10, 2023, and continuing until at least on or about December 18, 2025, in Los Angeles County, within the Central District of California, defendant knowingly received child pornography that had been mailed, shipped, or transported using any means or facility of interstate commerce or in or affecting interstate commerce by any means including by

computer. At least one method defendant used to receive child pornography was by purchasing videos on webpages affiliated with the Darknet. This included purchases to at least four separate video stores: (1) Child Porno Studio Video Store; (2) Loliporn Directory; (3) Pedo Play, CP Video Store and Others - Directory; and (4) CP Videos Bonanza, CP Videos Store - Pedo Videos for Bitcoin.

The videos defendant received included, among others, the following:

- Hussyfan_pthc_raygold_babyshivid_Hana.mpg - a video of indeterminate length depicting a prepubescent female wearing a purple shirt and no paints while on a bed. The video displays the prepubescent female fully nude, and also depicts an unknown male engaging in digital vaginal stimulation and coitus with the prepubescent female;
- 0005KidsClubPthc.mp4 - a 17-minute-and-3-second video depicting a prepubescent female engaging in cunnilingus and analingus with an adult female. The video also displays an adult male engaging in digital vaginal stimulation, digital penetration, coitus, and fellatio with the prepubescent female;
- Oea12.mpg - a 6-minute-and-3-second video of a prepubescent female waring a red shirt, white heeled boots, and black stockings. The video displays the prepubescent female manually stimulating an unknown male's erect penis and engaging in coitus and fellatio. This video is a snippet of a well-known child pornography series.
- BabyshividSamples_3yo_gets_it_every_way_imaginable_pthc_pedo_babyfuck5m46s.mpg - a 5-minute-and-24-second compilation

video of several separate videos, including, among other things:

- Footage of an adult male with a nude female toddler sitting on his lap. In the video, the male vaginally stimulates the female toddler before attempting to insert his erect penis into the toddler's vagina. The toddler is visually distressed in the video;
- Footage of an unknown male in bed with a female toddler and engaging in coitus with the toddler;
- Footage of an unknown male sitting with a female toddler in his lap. The video shows the unknown male vaginally stimulating the female toddler.
- Footage of an unknown male engaging in coitus with a female toddler before ejaculating outside of the female toddler's vagina;
- Footage of an unknown adult male ejaculating on a female toddler's face.

- DSC_9598.avi – an 8-minute-and-5-second video of an unknown male attempting to insert his erect penis into a female toddler's mouth. The video also displays the unknown male inserting his erect penis into the female toddler's vagina;
- beauty-cumshot.mpg – a 6-minute-and-19 second video of a fully nude female toddler and an unknown male laying on a bed. The video displays the unknown male attempt to insert his penis into the toddler's vagina, before engaging in fellatio with the female toddler. The video also displays the unknown man attempt to insert his erect penis into the toddler's vagina again, while she is lying on her stomach,

before engaging in anilingus and fellatio, and ejaculating on the toddler’s vagina and torso;

- Lolita_Collection_vol_4-h265.mp4 a 52-minute-and 22 second video that displays the phrase “LOLITA COLLECTION Vol 4.” The video displays a prepubescent female showering nude while digitally stimulating her vagina. The video also displays a prepubescent male joining the prepubescent female and engaging in digital stimulation of the female’s vagina. The video then displays two female prepubescents engage in digital vaginal stimulation before the previously shown prepubescent male and one of the previously shown prepubescent females engage in vaginal penetration, fellatio, cunnilingus, and coitus. After which, the video displays the prepubescent male ejaculate on the prepubescent female’s vagina and abdomen. Finally, the video displays a prepubescent female and a prepubescent male engaging in coitus;
- I002-Adry.avi – a 46-minute-and-6-second video that displays the phrase, ‘TROPICAL CUTIE” and a prepubescent female dancing on a bed in pink underwear. The phrase “ANDRY-THE MOVIE” appears on the screen before the female removes her underwear before the video displays three prepubescent females engaged in kissing and touching. Then, the video proceeds to the prepubescent females engaging in oral sex with an unknown adult male. Finally, the video depicts two prepubescent females lying on a bed, kissing, while an unknown adult male engages in coitus, fellatio, and cunnilingus with the prepubescent females.

- Mexican_canals.mp4 - an 11- minute-and-59-second video of a prepubescent female wearing only red underwear, sitting on a bed. The video then shows the prepubescent female engaging in cunnilingus with an unknown adult male. The video then depicts the unknown adult male engaging in coitus with the prepubescent female;
- VID-20180624-WA0102.mp4 - a 2-minute-37-second video that displays the phrase “Belinda” across the screen. The next screenshot displays the phrase “Guy #1”. Then, the video displays a prepubescent female sitting on a bed covered with a white towel, wearing a headband with what appear to be cheetah ears. The video then shows the prepubescent female stripping nude before engaging in fellatio with an unknown adult male;
- vcam_skype-15yo_bryson_fucks_his9yogirl_neighbor.avi - a 6-minute-50-second video that shows a pubescent male engaging in coitus with a prepubescent female;
- P.T.H.C._Hey_Ya.mp4 - A 3-minute-48-second video appears to be a screen recording of numerous videos. The video includes, among others, the following clips: (1) an erect penis is observed ejaculating onto the face of an unknown prepubescent female lying on a bed; (2) a prepubescent female is observed lying on a bed with what appears to be sperm coming out of her mouth. An unknown male’s penis is observed near the prepubescent female’s mouth; (3) a prepubescent female is observed completely nude, lying on a bed while engaging in self-digital vaginal stimulation; (4) a prepubescent female is observed engaging in fellatio with

an unknown male;

- 01_Deli-Andrea-Hispanic_Deli_Scene.avi - a 2-minute-55-second video that shows an unknown adult male engaging in coitus with a prepubescent female;
- File Title: Raygold_mexicangirl2.mps
  MD5 Hash: 475a097f8c75131a6059d041a24ec6a3;
- File Title: Custom_HD_TA_M_021.wmv
  MD5 Hash: f59a4fc35098e2a0113b956b864fe233;
- File Title: rosalatina2012-rosa-girl3yo-assfck2.mp4
  MD5 Hash: f4da1d0349c7cadaa2e677812e44db62;
- File Title: Kids_Box-Nancy_13yo_01_love_affair_renc.avi
  MD5 Hash: 992214def2e63ee1e3ddda61176e9464;
- File Title: lsm-08-02.mpg
  MD5 Hash: a48021015515570393d9e77bfef1674f;
- File Title: DSC_7919.MOV
  MD5 Hash: 8e7ed31a524acb1db23f79bd8fb19beb;
- File Title: lsm02-05-02.mpg
  MD5 Hash: cacc837dfb52c205fc73dc36220f34f3;
- File Title: bonus07-01-01.mpg
  MD5 Hash: 6ddb7d5a8213e47b4401849b1086d5ff;
- File Title: lsm-08-01.mpg
  MD5 Hash: f192209ba4456b69773c4d860cf84a55;
- File Title: lsm14-05-01.mpg
  MD5 Hash: 80240780329052b2c68bd96f6cdd8ef1;
- File Title: Boy_sex_Girl.mp4
  MD5 Hash: 9a81428e2998a2fd9fdf574b597ef219;
- File Title: ireal_anal2.mp4
  MD5 Hash: 08c6a4da3e9680618fd1dc7d14691e5d;

- File Title: cum_in_pussy.mp4
  MD5 Hash: 150e6725f8a8865491c55a8bfb72e688;

- File Title: lsm02-04-02.mpg
  MD5 Hash: 8ffa5e91d60173c07dc6c0cc1e0cf63c;

- File Title: lsm07-03-01.mpg
  MD5 Hash: 4720970cbbf82fc9af402d64aa68ea66;

- File Title: pthc_NEW_2016_Pedo_Childlover_8yo_Daddys_Little_Girl_JM_12.mp4
  MD5 Hash: 5c1f26575e89256740b50e56766ac7b9;

- File Title: The_Uranus_girl_-_ass_fuck_1.mp4
  MD5 Hash: 5fc151487a8a410bbdd8e5bcfc8d0590;

- File Title: CE_1515724_2017.mp4
  MD5 Hash: c1c385b76b642a40dce6ef95043fde8e;

- File Title: lsm06-07-01. Avi
  MD5 Hash: 4ac13cbb755466f80f94140c65855e81;

- File Title: latin_girl_6yo_fuck.avi
  MD5 Hash: e605bd8d64e3fbf24155a4a39ddfd2ba

Defendant received these videos and images knowing they were child pornography.

SENTENCING FACTORS

15. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated

Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

16. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 32 | USSG § 2G2.1 |
| Under 12 Years: | +4 | USSG § 2G2.1(b)(1)(A) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a repeat and dangerous sex offender against minors under U.S.S.G. § 4B1.5; the USAO reserves the right to argue that this enhancement applies.

17. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

18. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

19. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF RETURN OF DIGITAL DATA

20. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

WAIVER OF APPEAL OF CONVICTION

21. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND DEFENDANT'S WAIVER OF POST CONVICTION COLLATERAL ATTACK

22. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 360 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $50,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug

use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

23. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant’s plea of guilty.

24. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 180 months, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $50,000.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

25. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410

of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

26. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

27. Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

28. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

29. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

30. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge

that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

31. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 16 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual

information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

33. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and the statutory maximum.

NO ADDITIONAL AGREEMENTS

34. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

35. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

| | |
|---|---|
| CLIFFORD D. MPARE<br>Assistant United States Attorney | 06/10/2026<br>Date |
| JOSEPH TOEWS<br>Defendant | 6/10/26<br>Date |
| EDWARD M. ROBINSON<br>Attorney for Defendant JOSEPH TOEWS | 6/10/26<br>Date |

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

x J Toews 6/10/26

JOSEPH TOEWS
Defendant

Date

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Joseph Toews's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

EDWARD M. ROBINSON
Attorney for Defendant JOSEPH TOEWS

6/10/26
Date